UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------X

JOSE RIVERA,

        Plaintiff,

                           21 Civ.

      v.

                           JURY TRIAL REQUESTED

PORT AUTHORITY TRANS HUDSON CORP.,
NATIONAL RAILROAD PASSENGER CORP. and
NJ TRANSIT RAIL OPERATIONS, INC.,

        Defendants.

------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendants and alleges:

### THE PARTIES

#### Plaintiff

1.    The plaintiff is a resident of the State of Pennsylvania, County of Monroe, and City of Henryville.

#### Port Authority Trans-Hudson Corp.

2.    The defendant Port Authority Trans Hudson Corp. (hereinafter referred to as "PATH") is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in New York, with a usual place of business in New Jersey.

3.    Prior to August 16, 2019, and at all times hereinafter mentioned, the defendant PATH employed the plaintiff as a Locomotive Engineer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.    Prior to August 16, 2019 and at all times hereinafter mentioned, the defendant PATH maintained, operated and controlled the platform adjacent to and the actual track of Track 1 west end, Newark Penn Station, Newark, New Jersey which contained defendant's tracks, rails, switches,

sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. Upon information and belief, at all times relevant to the incident at issue herein, PATH was a participant in an operating agreement with other railroads, including co-defendants National Railroad Passenger Corp and NJ Transit Rail Operations, Inc., relating to the maintenance of track and use of some or all platforms in and around Newark Penn Station, Newark, New Jersey.

<u>National Railroad Passenger Corp. (d/b/a Amtrak)</u>

6. The defendant National Railroad Passenger Corp. (hereinafter referred to as "AMTRAK") is a railroad carrier corporation providing railroad transportation in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey.

7. Defendant AMTRAK is a District of Columbia corporation.

8. Prior to August 16, 2019 and at all times hereinafter mentioned, the defendant AMTRAK maintained, operated and controlled the platform adjacent to and the actual track of Track 1 west end, Newark Penn Station, Newark, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

9. Upon information and belief, at all times relevant to the incident at issue herein, AMTRAK was a participant in an operating agreement with other railroads, including co-defendants PATH and New Jersey Transit Rail Operations, Inc., relating to the maintenance of track and use of some or all platforms in and around Newark Penn Station, Newark, New Jersey.

<u>NJ Transit Rail Operations, Inc.</u>

10. The defendant NJ Transit Rail Operations, Inc. (hereinafter referred to as "NJT") is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and

operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey.

11. Defendant, NJT is a municipal corporation existing under the laws of the State of New Jersey.

12. Prior to August 16, 2019 and at all times hereinafter mentioned, the defendant AMTRAK maintained, operated and controlled the platform adjacent to and the actual track of Track 1 west end, Newark Penn Station, Newark, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

13. Upon information and belief, at all times relevant to the incident at issue herein, NJT was a participant in an operating agreement with other railroads, including co-defendants PATH and AMTRAK, relating to the maintenance of track and use of some or all platforms in and around Newark Penn Station, Newark, New Jersey.

## JURISDICTION AND VENUE

14. Plaintiff brings the First Cause of Action against defendant PATH for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

15. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

16. Plaintiff brings the Second Cause of Action for negligence against defendant AMTRAK.

17. Jurisdiction for plaintiff's Second Cause of Action exists pursuant to this Court's supplemental jurisdiction contained at Title 28 USC § 1367.

18. Plaintiff brings the Third Cause of Action for negligence against defendant NJT.

19. Jurisdiction for plaintiff's Third Cause of Action exists pursuant to this Court's supplemental jurisdiction contained at Title 28 USC § 1367.

20. On or about September 13, 2019, a written Notice of Claim on behalf of the Plaintiff was served upon NJT in compliance with N.J. Stat. Ann. § 59: 8-8(a).

21.     This action is being brought after at least six months have passed after Notice of Claim was served on NJT in compliance with N.J. Stat. Ann. § 59: 8-8 and defendant NJT has neglected or refused to make an adjustment or payment of plaintiff's claim.

22.     This action is being brought pursuant to the New Jersey Tort Claims Act and pursuant to this Court's supplemental jurisdiction before the accrual of the allotted two years after the claim was served on the NJT, in compliance with N.J. Stat. Ann. § 59: 8-8(b).

23.     Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because all defendants reside in this District and because all defendants do business in this District.

## FACTS

24.     At the time of the defendants' violations, the plaintiff was employed by defendant PATH and qualified as an employee within the meaning of 45 U.S.C. § 51.

25.     On August 16, 2019, the plaintiff was working as a Locomotive Engineer at the direction and training of defendant PATH, when plaintiff was walking from Track H to the dispatcher's office on the platform immediately adjacent to Track 1 at Newark Penn Station in Newark, NJ when he had to step over a pile of maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items which completely blocked the width of the platform.

26.     The pile of debris existed on the platform for at least several weeks prior to the incident in question.

27.     Plaintiff's foot was struck by a train operated by defendant NJT, causing plaintiff to fall towards the pile of debris, further being hit by the NJT train on his shoulder and head.

28.     The NJT train at no time relevant operated its horn, in violation of federal railroad safety regulations and company safety rules.

29. The NJT train at no time relevant operated its warning bell, in violation of federal railroad safety regulations and company safety rules.

30. The NJT train was not operating with its high-beam lights on, in violation of federal railroad safety regulations and company safety rules.

31. Upon information and belief, at all times relevant, the NJT train was operating in excess of the allowable speed in light of the existing conditions, in violation of state and federal railroad safety regulations and company safety rules.

32. Defendants' conduct, more specifically set forth below, caused, in whole or in part, and where applicable, proximately, the plaintiff to suffer various physical, psychological and economic harms.

33. Plaintiff's injuries include, but are not limited to his:

   a. neck (C3-C4, C4-C5, C5-C6 & C6-7 herniations with EMG-confirmed denervation with radiculopathy)left leg,

   b. low back (L2-3 & L5-S1 herniations, with radiculopathy, confirmed by diskogram),

   c. right shoulder (torn rotator cuff),

   d. left foot,

   e. right elbow.

34. The aforesaid injuries necessitated various performed and planned surgeries, including rotator cuff repair, cervical fusion and lumbar discectomy, following conservative treatment in the form of nerve root block injections, epidural steroid injections, and physical therapy, among other treatments.

## COUNT I
### Violation of FELA Against PATH

35. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

36. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

37. Upon information and belief, at all times relevant to the incident at issue herein, PATH used or permitted to be used the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ to store maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items.

38. PATH knew or should have known that at all times relevant to the incident at issue herein, the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ was being used to store maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items.

39. PATH knew or should have known that railroad employees, including the plaintiff herein, would use the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ.

40. On or about August 16, 2019, while the plaintiff, an employee of PATH, was in the performance of his duties as a Locomotive Engineer at Track 1 west end, Newark Penn Station, Newark, New Jersey, when PATH, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in storing debris at the location in question;

    c. in allowing debris to collect at the location in question;

    d. in failing to warn plaintiff of debris at the location in question;

    e. in failing to respond to complaints of debris at the location in question;

    f. in failing to cordon off the area of debris at the location in question;

    g. in failing to comply with any operating agreement with or among any co-defendant, in effect at the time of the incident in question, of which plaintiff was a third-party beneficiary;

   h. in failing to enforce any operating agreement with or among any co-defendant, in effect at the time of the incident in question, of which plaintiff was a third-party beneficiary;

   i. in failing to follow defendant's own company rules regarding creation, placement and removal of debris;

   j. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

41. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

42. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

43. The injuries to the plaintiff as a result of the NJT train striking plaintiff were caused, in whole or in part, even the slightest, by the negligence and/or omissions of PATH without any contributory negligence on the part of the plaintiff

## COUNT II
### Negligence against AMTRAK

44. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

45. This Cause of Action is brought against defendant AMTRAK for negligence.

46. Upon information and belief, at all times relevant to the incident at issue herein, AMTRAK used or permitted to be used the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ to store maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items.

47. AMTRAK knew or should have known that at all times relevant to the incident at issue herein, the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ was being used to store maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items.

48. AMTRAK knew or should have known that railroad employees, including the plaintiff herein, would use the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ.

49. AMTRAK owed a duty to plaintiff, both directly and as a third-party beneficiary of an operating agreement, to conduct itself reasonably in its operation, maintenance and control of the areas involved in the incident in question.

50. On or about August 16, 2019, plaintiff, an employee of defendant PATH was in the performance of his duties as a Locomotive Engineer at Track 1 west end, Newark Penn Station, Newark, New Jersey, when AMTRAK, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in storing debris at the location in question;

    c. in allowing debris to collect at the location in question;

    d. in failing to warn plaintiff of debris at the location in question;

    e. in failing to respond to complaints of debris at the location in question;

    f. in failing to cordon off the area of debris at the location in question;

    g. in failing to comply with any operating agreement with or among any co-defendant, in effect at the time of the incident in question, of which plaintiff was a third-party beneficiary;

    h. in failing to enforce any operating agreement with or among any co-defendant, in effect at the time of the incident in question, of which plaintiff was a third-party beneficiary;

      i. in failing to follow defendant's own company rules regarding creation, placement and removal of debris;

      j. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

51. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same

52. The injuries to the plaintiff as a result of the NJT train striking plaintiff were proximately caused by the negligence and/or omissions of AMTRAK without any contributory negligence on the part of the plaintiff.

53. By reason of the aforementioned events, plaintiff has been caused to sustain severe and disabling permanent injuries, pain and suffering, economic loss, and has been caused to expend or become liable for various medical bills in a sum in excess of $100,000.00.

## COUNT III
## Negligence against NJT

54. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

55. This Cause of Action is brought against defendant NJT for negligence.

56. Upon information and belief, at all times relevant to the incident at issue herein, NJT used or permitted to be used the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ to store maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items.

57. NJT knew or should have known that at all times relevant to the incident at issue herein, the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ was being used to store maintenance and construction debris, including discarded railroad ties, tactile railroad platform covers, plywood, wood scraps, broken pallets and fencing, among other items.

58. NJT knew or should have known that railroad employees, including the plaintiff herein, would use the platform immediately adjacent to Track 1 at Newark Penn Station, Newark, NJ.

59. NJT owed a duty to plaintiff, both directly and as a third-party beneficiary of an operating agreement, to conduct itself reasonably in its operation, maintenance and control of the areas involved in the incident in question.

60. NJT owed a duty to plaintiff, both directly and as a third-party beneficiary of an operating agreement, to conduct itself reasonably in its operation of the train that struck plaintiff.

61. On or about August 16, 2019, plaintiff, an employee of defendant PATH was in the performance of his duties as a Locomotive Engineer at Track 1 west end, Newark Penn Station, Newark, New Jersey, when NJT, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in storing debris at the location in question;

    c. in allowing debris to collect at the location in question;

    d. in failing to warn plaintiff of debris at the location in question;

    e. in failing to respond to complaints of debris at the location in question;

    f. in failing to cordon off the area of debris at the location in question;

    g. in failing to comply with any operating agreement with or among any co-defendant, in effect at the time of the incident in question, of which plaintiff was a third-party beneficiary;

    h. in failing to enforce any operating agreement with or among any co-defendant, in effect at the time of the incident in question, of which plaintiff was a third-party beneficiary;

    i. in failing to follow defendant's own company rules regarding creation, placement and removal of debris;

    j. in striking plaintiff with its train;

    k. in failing to use the train horn before striking plaintiff;

    l. in failing to use the warning bell before striking plaintiff;

    m. in failing to operate its train using high beams;

    n. in failing to comply with railroad safety train-handling regulations and laws requiring the train to be able to stop within one-half the distance from any obstruction;

    o. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

62. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

63. The injuries to the plaintiff as a result of the NJT train striking plaintiff were proximately caused by the negligence and/or omissions of NJT without any contributory negligence on the part of the plaintiff.

64. By reason of the aforementioned events, plaintiff has been caused to sustain severe and disabling permanent injuries, pain and suffering, economic loss, and has been caused to expend or become liable for various medical bills in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant PATH on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and plaintiff demands judgment against the defendant AMTRAK on Count II in a sum in excess of ONE HUNDRED THOUSAND

($100,000.00) DOLLARS; and plaintiff demands judgment against the defendant NJT on Count III in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, together with the costs and disbursements of this action.

        Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com